*Lin v. Sessions*

BIA
Van Wyke, IJ
A089 475 185

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand seventeen.

PRESENT:
>       ROBERT A. KATZMANN,
>            *Chief Judge,*
>       JON O. NEWMAN,
>       RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

YUAN LIN,

>            *Petitioner,*

>       v.                                          **16-3216**
>                                                    **NAC**

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>            *Respondent.*

_____

FOR PETITIONER:            Stuart Altman, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Russell J. E.
                           Verby, Senior Litigation Counsel;
                           John D. Williams, Trial Attorney,

Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuan Lin, a native and citizen of the People's Republic of China, seeks review of a September 8, 2016, decision of the BIA affirming a July 31, 2015, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuan Lin,* No. A 089 475 185 (B.I.A. Sept. 8, 2016), *aff'g* No. A 089 475 185 (Immig. Ct. N.Y. City July 31, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

2

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted).

The agency reasonably relied on Lin's lack of familiarity with any details relating to Falun Gong to find that his claim of practicing Falun Gong was not "plausible." *See* 8 U.S.C. § 1158(b)(1)(b)(iii). Lin testified that he did not know the contents of the flyers he distributed and that he had not known if the friend who recruited him practiced Falun Gong, what Falun Gong was, or that it was illegal. Since Lin handed out flyers promoting Falun Gong for 10 days, it was reasonable to assume

3

he would have read one of them. And his claimed ignorance of the illegality of Falun Gong was in conflict with his testimony that he knew he had to avoid being discovered by the police. Lin's explanation that he was simply following instructions did not compel a different conclusion. *See Majidi*, 430 F.3d at 80-81. Relatedly, despite his detention in China for distributing the Falun Gong flyers, Lin claimed to learn that his friend practiced Falun Gong only after his mother obtained a letter to support his asylum application.

The agency also reasonably concluded that Lin's inability to identify the person who bailed him out of jail diminished the plausibility of his claim. Lin stated that his parents found "someone who [wa]s well known" to bail him out of jail, but could not expand on who that individual was. The IJ reasonably found this implausible. Lin had time to document his asylum application and, in fact, obtained a letter from his mother to corroborate the claim. The IJ considered Lin's explanation—that he was "very young at the time" and did not ask for many details—but was not compelled to accept it because Lin also failed to obtain the information when preparing his case for the hearing. *See id*.

4

Finally, the agency's demeanor finding adds further support to the adverse credibility finding. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (giving "particular deference" to adverse credibility determinations "that are based on the adjudicator's observation of the applicant's demeanor"). Lin's responses were sometimes unclear. For example, when asked whether he was concerned about the police and being arrested, his responses varied from "I did not [worry]" to "Of course I did." And when questioned about whether he attended Falun Gong rallies in the United States, Lin initially stated "sometimes" followed by "No."

Given the implausibility in Lin's claim and the agency's demeanor finding, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

5

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk